## GRIFFIN v. TOWN OF ELLENBURG.

(Supreme Court, Appellate Division, Third Department.   March 8, 1916.)

HIGHWAYS ☞203—DEFECTS—ACTION FOR INJURY—SUFFICIENCY OF NOTICE.

　　Under Highway Law (Consol. Laws, c. 25) § 74, providing that no action shall be maintained against any town for damages unless a verified statement of the cause of action is presented, a notice, in the form of a bill, followed by a sworn statement that, as plaintiff was driving his mare about 25 rods below the foot of the C. Hill in the town, she stepped through a hole in a sluice and broke her leg, making it necessary to shoot her, to his damage in the sum of $200, was sufficient as against the objections that the accident was not alleged to have occurred on a public highway and the place was not definitely stated.

　　[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 510-518; Dec. Dig. ☞203.]

Appeal from Clinton County Court.

Action by Daniel Griffin against the Town of Ellenburg.   From a judgment in favor of the plaintiff for $155 damages, besides costs, and from an order denying a motion for a new trial, defendant appeals.   Judgment and order affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Shedden & Pierce, of Plattsburg (Wallace E. Pierce, of Plattsburg, of counsel), for appellant.

Thomas J. Fitzpatrick, of Chateaugay, for respondent.

COCHRANE, J.   This is an action for negligence against a town because of a defective sluiceway in a highway, through which the plaintiff's horse stepped as he was driving over it and sustained a broken leg.   The only question raised on this appeal is that the notice served on the supervisor was defective.

Section 74 of the Highway Law as it was at the time of the accident provided as follows:

"No action shall be maintained against any town to recover such damages unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months after the cause of action accrued."

The notice in question was in the following form:

"Town of Ellenburg, to Daniel Griffin, Dr.

"July 19, 1910.

"To one black mare, 8 years old..................................$200.00

"State of New York, County of Franklin—ss.:

"Daniel Griffin, being duly sworn, says that the foregoing claim arises from the following facts: On the morning of July 19th deponent was driving this mare to Lyon Mountain along with another horse.   About 25 rods below the foot of the Cantwell Hill, in the town of Ellenburg, the said mare stepped through a hole in a sluice and broke her leg, and making it necessary to shoot her, damaging deponent to the sum of two hundred dollars, no part of which has ever been paid.                                    Daniel Griffin.

"Subscribed and sworn to before me this November 26, 1910.

"Thos. J. Fitzpatrick, Notary Public."

It will be observed that the notice does not state specifically that the accident occurred in a public highway; but I think that may be fairly inferred from the statement. The implication is that the accident occurred in a public highway. Further criticism is that the place in the highway is not stated with definite precision; but it is stated to be "about 25 rods below the foot of the Cantwell Hill" and at a place where there was a sluice, and it seems to me that this is a sufficient identification of the sluice in question. In an ordinary country highway it is not practicable to identify particular localities with the same precision as may be done in a village or city. I think the notice was a substantial compliance with the statute, and that it gave the defendant all the information which it could make use of in investigating the merits of the claim, and that it should be held to be sufficient. The purpose of the notice is to fairly apprise the officers of the town of the nature and circumstances of the accident, so that they may investigate the same fully and intelligently and with certainty as to the place and conditions of the accident, so far as the facts are concerned, with a view to making either an appropriate settlement of the claim or an effective and intelligent defense of the action, and if the notice serves that purpose the requirement of the statute has been effectuated.

In Eggleston v. Town of Chautauqua, 90 App. Div. 314, 86 N. Y. Supp. 279, it was said that the notice should contain facts showing "that the commissioner of highways was negligent and the plaintiff was free from negligence." This statement in the opinion was entirely obiter, and nothing of the kind was decided in that case. The notice in that case was upheld. It stated the plaintiff's injuries as having occurred to her right leg at about the knee and that her remedy was about $1,000. At the trial proof was received of injuries other than those specified in the notice, and particularly of an injury to the hip, and a verdict was rendered of $4,500. It was claimed on appeal that the evidence exceeded the statements in the notice, which claim was true; but the court overruled the contention and sustained the verdict. In the course of the opinion the above remarks were made, which must have been inadvertent. Many opinions have been published since concerning this question of notice, and in no case has it been held that the notice must be framed with the same particularity as a complaint. Clark v. Town of Copake, 142 App. Div. 202, 126 N. Y. Supp. 982, was a case where the notice did not contain allegations of the negligence of the highway commissioner and plaintiff's freedom from contributory negligence, but the notice was held by this court to be sufficient.

The judgment and order should be affirmed, with costs. All concur.