BROWN *v.* HILL.

1. COUNTIES—BOARDS OF SUPERVISORS—COUNTY BOARD OF AUDITORS
   —STATUTES.

   Act No. 397, Pub. Acts 1913 (section 11, paragraph 13),
   did not confer upon the board of supervisors of a county
   power to abolish by ordinance the board of auditors of
   said county, existing under authority of Act No. 478,
   Local Acts 1905, as amended by Act No. 493, Local Acts
   1907, and take to itself the duties of said board, since the
   provisions of said Act No. 397 clearly prohibit the board
   of supervisors from increasing or extending its own
   powers, duties, or jurisdiction.

2. CONSTITUTIONAL LAW—QUESTIONS REVIEWED.

   Constitutional questions will not be passed on by the
   Supreme Court where other decisive questions are raised
   by the record which dispose of the case.

Certiorari to Kent; Brown (William B.), J. Submitted October 25, 1921. (Calendar No. 29,728.) Decided December 21, 1921.

Mandamus by Charles L. Brown, chairman of the board of auditors of Kent county, to compel Robert G. Hill, county clerk, to deliver to plaintiff all claims and bills chargeable against said county. From an order denying the writ, plaintiff brings certiorari. Reversed.

*Colin P. Campbell,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney (*Fred P. Geib,* of counsel), for appellee.

STONE, J. The petition for the writ of certiorari in this case represents:

(1) That the plaintiff, together with Jacob J. Ball

and Edward C. Woodworth, are the duly elected and qualified board of auditors of the county of Kent, of which board the plaintiff is the chairman.

(2) That under the provisions of Act No. 478 of the Local Acts of Michigan of 1905, as amended by Act No. 493 of the Local Acts of 1907, it was made the duty of said board to meet on the first and third Tuesdays of each month, for the purpose of auditing all claims which were chargeable against Kent county; and that under said act the plaintiff and other members of said board are entitled to a salary for their services, payable every half month by said county.

(3) That on March 15, 1921, being the third Tuesday of said month, a quorum of said board of auditors, consisting of the plaintiff and said Jacob J. Ball, met at 9 o'clock a. m. in the county building of said county, for the purpose of auditing the bills which had been presented against the said county.

(4) That Robert G. Hill, the defendant, is, and has been since January 1, 1921, the county clerk of said county; that under the provisions of said local acts it is the duty of said county clerk to turn over to plaintiff, as chairman of said board of county auditors, all bills and claims chargeable against said county which have been filed with him since the last preceding meeting of said board upon demand; and that it is also the duty of said county clerk to draw his warrant upon the county treasurer of said county, upon each of said meeting days, for each of the members of said board of county auditors, for their salaries for the preceding half month.

(5) That plaintiff, as chairman of said board of county auditors, which had met as aforesaid, requested and demanded of said defendant, as such clerk, that he deliver to the plaintiff as such chairman the bills and claims aforesaid, which had theretofore been filed with him, which request and demand the said defend-

ant did then and there refuse and deny, and then and there refused to deliver to plaintiff the bills and claims aforesaid.

(6) That plaintiff and said Ball did also then and there severally demand of said defendant as such clerk that he draw his warrant to the plaintiff, and his warrant to said Ball, upon the county treasurer aforesaid for the salaries then due to them respectively for the first half of said month, which demand the defendant did then and there refuse.

(7) That thereupon the plaintiff filed his petition for the writ of mandamus in the circuit court for said county, to compel the defendant as such clerk to deliver to plaintiff all claims and bills chargeable against said county, which had been filed with him, and to compel him to draw his warrant as aforesaid; and that the usual order to show cause was made therein.

(8) That defendant filed his answer to said petition and order to show cause, in which, among other things, he admitted that under said local acts, if the same were still in force, defendant was "obligated to perform the duties set up in paragraph four," of said petition for mandamus, which in substance were the same as hereinbefore set forth. But the defendant further answered and showed that he had refused to comply with the several requests of the plaintiff, for the reason that the board of supervisors of said county, at the October, 1920, and January, 1921, sessions of said board, acting, as defendant was informed and believed, under powers vested in the board of supervisors by the Constitution and laws of the State of Michigan, repealed the said act relied upon by the plaintiff; and said act having been repealed, that plaintiff is without standing in court, and without authority as an officer of the county of Kent, and is not entitled to either audit said bills, or receive compensation for the services rendered. Said defendant

in his answer set forth such part of the proceedings of the board of supervisors aforesaid of October 23, 1920, as showed the adoption by a vote of 39 yeas to 6 nays, of the ordinance, entitled as follows:

"An ordinance to abolish the board of county auditors for the county of Kent created by virtue of Local Act No. 478 of the State of Michigan for the year 1905, and acts amendatory thereof, and to provide for the taking over of the duties of said board of county auditors by the board of supervisors of the county of Kent.

"It is hereby ordained by the board of supervisors for the county of Kent, State of Michigan:

"SECTION 1. That the board of county auditors for the county of Kent is hereby abolished, to take effect January 1, 1921, and the powers and duties heretofore exercised by said board of county auditors is hereby transferred to the board of supervisors for the county of Kent, State of Michigan.

"SEC. 2. Local Act No. 478 of the State of Michigan for the year 1905, approved April 19, 1905, entitled: 'An act to provide for the creation of a board of county auditors for the county of Kent, to prescribe the powers and duties of its members and to provide for their compensation,' and all local acts amendatory thereof, are hereby repealed."

That a copy of said ordinance having been transmitted to the governor of this State for his approval, in accordance with the statute, the same was returned without his approval, and with his objections thereto.

That at a session of said board of supervisors held on January 11, 1921, pursuant to adjournment, the following resolution was adopted by a vote of 43 yeas to 2 nays, to-wit:

"Whereas the governor of the State of Michigan has re-transmitted to the board of supervisors of Kent county an ordinance entitled (here setting forth the title as above) together with his objections to said ordinance, and the same has been submitted by the clerk of the board of supervisors of Kent county to said board in adjourned session here assembled, to-

gether with the objections of the governor, to be entered at large on the journal of the board: Resolved, that the passage of said ordinance be reconsidered, and that the same be approved as originally passed, notwithstanding the objections of the governor thereto."

That said ordinance was thereupon on, to-wit, the 31st day of January, 1921, by defendant as such clerk, deposited with the secretary of State, as required by law, and that more than 60 days had elapsed since the adjournment of said session of said board of supervisors.

It appears that upon the hearing of said petition and answer the said circuit court filed an opinion therein, and entered an order denying the writ of mandamus, and dismissing the petition therefor, holding that the board of supervisors had the power to abolish the said board of county auditors. The error alleged is that the circuit court erred in holding that the board of supervisors of the county of Kent had such power. Section 10 of article 10 of the Constitution of 1850 originally read as follows:

"The board of supervisors, or in the county of Wayne, the board of county auditors, shall have the exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against their respective counties, and the sum so fixed or defined shall be subject to no appeal."

By repeated amendments, this section came to read as follows:

"The board of supervisors, or, in the counties of Saginaw, Jackson, Washtenaw, Kent, Wayne, Genesee, Bay, Cheboygan and St. Clair, the board of county auditors, shall have the exclusive power to fix the compensation for all services rendered for, and to adjust all claims against their respective counties, and the sums so fixed and defined shall be subject to no appeal."

The county of Kent was inserted in 1903 by amendment submitted by the legislature of that year, and ratified at the April election of 1903. Following this, an act was passed in 1905 (being Local Act No. 478) creating a board of county auditors for the county of Kent. This act was amended by Local Act No. 493 of 1907. The act of 1905, as thus amended, has continued in force to the present time, unless the ordinance in question had the effect of repealing it. Under this condition of affairs the Constitution of 1908 was adopted. Section 9 of article 8 of that instrument is as follows:   *  *  *

"The board of supervisors, or in counties having county auditors, such auditors, shall adjust all claims against their respective counties; appeals may be taken from such decisions of the board of supervisors or auditors to the circuit court in such manner as shall be prescribed by law."

Thus it will be seen that the board of county auditors existed in the county of Kent when the present Constitution was adopted. Section 8 of article 8 of the Constitution of 1908 reads as follows:

"The legislature may by general law confer upon the boards of supervisors of the several counties such powers of a local, legislative and administrative character, not inconsistent with the provisions of this Constitution, as it may deem proper."

It is claimed that the power to abolish the board of county auditors of Kent county is conferred on the board of supervisors under the last quoted section of the Constitution, and by paragraph 13 of section 11 of Act No. 397 of the Public Acts of 1913 (1 Comp. Laws 1915, § 2274), which latter provides that boards of supervisors shall have power:

"*Thirteenth*, To pass such laws, regulations and ordinances relating to purely county affairs as they may see fit, but which shall not be opposed to the

general laws of this State; * * * to amend any local act of the legislature in force in their county and referring to matters within the jurisdiction of such board of supervisors, or touching the local powers and duties of county officers, but the board of supervisors shall not have power to increase or extend its own powers, duties or jurisdiction, and shall not have any jurisdiction over the circuit court." * * *

Did these provisions of the Constitution and statute authorize the board of supervisors to pass and adopt the ordinance in question? We have shown that in the title of said ordinance was the following language:

"And to provide for the taking over of the duties of said board of county auditors by the said board of supervisors of the county of Kent."

And section 1 of the ordinance contains the following language:

"And the powers and duties heretofore exercised by said board of county auditors is hereby transferred to the board of supervisors for the county of Kent, State of Michigan."

Counsel for plaintiff raises the question whether a board of supervisors has authority under the Constitution to repeal an act of the legislature. It seems to us that it is not necessary to here discuss constitutional questions. The action of the board of supervisors in adopting said ordinance was repugnant to, and violated and infringed the plain terms of the statute, which provides, in clear language, that the board of supervisors shall not have power to increase or extend its own powers, duties or jurisdiction.

Before the adoption of this ordinance it is conceded that the board of county auditors possessed the sole power to audit and adjust all claims against the county of Kent. Has that power been lawfully taken away by the action of the board of supervisors? We think not. The terms of the statute clearly prohibit the

board of supervisors from taking again to itself the authority which was taken from it by the amendment of 1903, and, in principle, continued in the Constitution of 1908. The board of county auditors of the county of Kent exists, not only under the provisions of the act creating it, but by authority from the provisions of the Constitution which authorized and continued that board in power. Whatever other power the board of supervisors possessed, there certainly has not been conferred upon that body the power to increase or extend its own powers, duties or jurisdiction, and that was sought to be done here.

It is idle for us to discuss constitutional questions in this case, for this court has held, repeatedly, that constitutional questions will not be passed on where other decisive questions are raised by the record which dispose of the case. See collection of authorities in *People* v. *Quider*, 172 Mich. 280, 289; *North Michigan Water Co.* v. *City of Escanaba*, 199 Mich. 286. In this view of the statute, we are relieved from any consideration of the constitutional questions discussed by counsel and the court below because, even under the terms of the statute in question, the action of the board of supervisors was without authority or legal sanction.

We are of the opinion that the court below erred in its determination and judgment, and that the writ of mandamus should have issued as prayed for by plaintiff.

The judgment of the circuit court is therefore reversed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.