LISEE v SECRETARY OF STATE

HOWELL v LAZARUK

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—APPEAL AND ERROR.

Constitutional questions will not be passed upon when other decisive questions are raised by the record which dispose of the case.

2. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE—JURISDICTION—LIMITATION OF ACTIONS.

Notice provision in a section of the Motor Vehicle Accident Claims Act providing in part that "recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary * * * within 1 year of the date that the cause of action shall accrue", is not jurisdictional because, if that section was meant to be jurisdictional, there would be no need for a later section which provides a three-year statute of limitations (MCLA 257.1118, 257.1128).

3. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE—STATUTES—EVIDENCE.

The purpose of the Motor Vehicle Claims Act provision· that, "recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary, on a form prescribed by him, within 1 year of the date that the cause of action shall accrue" was to afford the governmental agency an opportunity to investigate and preserve the evidence before the claim had become too stale, and to protect the Fund from possible spurious claims for which no defense could be made for want of timely notice and timely investigation (MCLA 257.1118).

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 873 *et seq.*
[2–7, 10–15] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*
[8] 28 Am Jur 2d, Estoppel and Waiver § 83 *et seq.*
[9] 28 Am Jur 2d, Estoppel and Waiver §§ 169, 172.

4. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—UNINSURED MOTORISTS.

The purpose of the Legislature in passing the Motor Vehicle Accident Claims Act was to compensate those persons who were injured as the result of a negligent operation of a motor vehicle by an uninsured person (MCLA 257.1101 *et seq.).*

5. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—NOTICE.

Plaintiffs' failure to file notice within the one year time requirement of the Motor Vehicle Accident Claims Act is not a bar to recovery because of the remedial nature of that act and because of lack of prejudice to the Secretary of State where the Secretary of State did receive actual notice of the accident through a notice of intent to claim filed by the estate of a passenger in plaintiffs' automobile, a State Police accident report, and an investigation made by a claims service (MCLA 257.1118).

6. AUTOMOBILES—STATUTES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—SECRETARY OF STATE—SUMMONS—COMPLAINT—INTERVENTION.

The use of the word "shall" in a section of the Motor Vehicle Accident Claims Act which provides, that the Secretary of State shall forward a copy of the summons and complaint forthwith to the defendant, mandates the Secretary of State to do this and no exceptions are permitted; this section also provides that the Secretary of State has the right to intervene as a party defendant (MCLA 257.1105).

7. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—STATUTES.

The Motor Vehicle Accident Claims Act is remedial legislation to aid an innocent injured person and the Legislature intended that the Fund be available to promptly provide compensation for such injuries (MCLA 257.1101 *et seq.).*

8. ESTOPPEL—SILENCE.

That an estoppel can occur by silence has long been recognized in Michigan law.

9. NOTICE—WAIVER—GOVERNMENTAL BODIES—TRIAL.

The defense of failure to give proper notice may be waived by a governmental body if it fails to raise this defense at the time of trial.

10. AUTOMOBILES—UNINSURED MOTORISTS—SECRETARY OF STATE—PLEADING—NOTICE.

Secretary of State had a duty to intervene and affirmatively plead the defense of failure to give notice when plaintiffs commenced

their action against an uninsured motorist; the failure of the Secretary of State to answer and affirmatively plead the failure of notice as a defense, denied to it this defense when plaintiffs filed their motion to compel payment of the judgment they received in that case.

11. AUTOMOBILES—SECRETARY OF STATE—WAIVER—PLEADING—DIS-MISSAL AND NONSUIT.

Secretary of State waived the defense of voluntary dismissal entered as to one of two uninsured motorists by not affirmatively pleading the same (MCLA 257.1107).

DISSENTING OPINION

BLACK and T. E. BRENNAN, JJ.

12. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—UNIN-SURED MOTORIST FUND—NOTICE—STATUTES.

*The Motor Vehicle Accident Claims Act is clear; it requires notice of intent to claim against the uninsured motorist fund and that notice must be on a form prescribed by the Secretary of State; the specific statutory requirement of notice on a form prescribed by the Secretary precludes the giving of notice in any other form; indirect, implied or so-called "actual" notice does not fulfill the statutory requirement (MCLA 257.1118).*

13. AUTOMOBILES—UNINSURED MOTORIST FUND—MOTOR VEHICLE ACCI-DENT CLAIMS ACT—NOTICE—STATUTES.

*Legislative mandate that a decision of notice of intent to claim against the uninsured motorist fund be made within a year is not unreasonable because nothing in the Motor Vehicle Accident Claims Act limits the notice requirement to the narrow purpose of investigation since there is the need for some foreknowledge of pending claims for the purpose of creating reserves and anticipating future demands upon the Fund and the desire to put the plaintiff to an early option (MCLA 257.1101 et seq.).*

14. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—OBJEC-TIONS—APPEAL AND ERROR.

*The Motor Vehicle Accident Claims Act provides that objections to payment from the uninsured motorist fund may be after determination of all proceedings, including appeals, in the principal case (MCLA 257.1107).*

15. AUTOMOBILES—SECRETARY OF STATE—UNINSURED MOTORIST FUND
    —STATUTES.
    *The uninsured motorist fund statute does not impose a duty upon
    the Secretary of State to defend an action against an uninsured
    motorist under a reservation of policy defense.*

Appeal from Court of Appeals, Division 1, R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ., granting writ of mandamus in original action and remanding other case to Wayne, James Montante, J. Submitted March 8, 1972. (Nos. 9, 10 March Term 1972, Docket Nos. 53,412, 53,413.) Decided July 26, 1972. Rehearing denied August 30, 1972.

32 Mich App 548 affirmed.

Complaint by Mary C. Lisee, guardian of Robert Frederick Lisee, and Robert R. Lisee in the Court of Appeals against the Secretary of State and Fred J. Borchard, Saginaw Circuit Judge, for a writ of mandamus to compel the Secretary of State to pay from the Motor Vehicle Accident Claims Fund a judgment against Donald R. Bryce for damages for injuries received in an automobile accident or to command the Saginaw Circuit Judge to enter an order requiring the Secretary of State to make payment of that judgment. Writ granted against the Secretary of State. Defendant Secretary of State appeals. Affirmed.

Complaint by Adrian Howell, for himself and as next friend of Peggy Howell, a minor, and by Martha Mae Howell against Lillian Lazaruk for damages for injuries received in an automobile accident. Default judgment for plaintiffs. Plaintiffs' motion to compel payment out of the Motor Vehicle Accident Claims Fund taken under advisement pending decision in *Lisee v Secretary of State.* Plaintiffs appealed to the Court of Appeals by

leave granted, and case consolidated with *Lisee* case. Remanded for further proceedings in accordance with opinion. Defendant Secretary of State appeals. Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiffs Lisee.

*Craig, Fried & Heidt,* for plaintiffs Howell.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant Secretary of State.

SWAINSON, J. These cases have been consolidated because both involve the issue of the liability of the Secretary of State under the Motor Vehicle Accident Claims Act (MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.).*

On June 15, 1966, plaintiffs Adrian Howell, Martha Mae Howell, and Peggy Howell (then age eight), were injured when the automobile owned by Lillian Lazaruk crossed the centerline of Ecorse Road, Wayne County, and struck the left side of the Howell vehicle. Plaintiffs sustained serious and permanent injuries. Another passenger in the Howell automobile, Barbara Burgy, was also seriously injured, and Ella Burgy, her mother, was killed.

The Wayne County Sheriff's Department was called to the scene of the accident and after investigation made an accident report on a form prescribed by the Michigan State Police. At the time of the accident, defendant was uninsured; however, she had paid the statutory fee to the Secretary of State in accordance with MCLA 257.1103; MSA 9.2803. The estate of Ella Burgy filed notice of intent to claim against the Motor Vehicle Accident

Claims Fund with the Secretary of State on or about February 20, 1967. Attached to the notice was a photostat copy of the accident report. The Motor Vehicle Accident Claims Fund by letter dated February 23, 1967, directed the Great Lakes Claims Service to investigate the facts surrounding the accident.

On March 11, 1968, the Howells filed application with the Secretary of State seeking payment for their injuries sustained in the accident. Their claims were denied because they had failed to file the requisite notice of intent to file claim within one year (MCLA 257.1118; MSA 9.2818).[1]

On January 30, 1969, the Howells brought action in Wayne Circuit Court against Lillian Lazaruk, copies of the summons and complaint being served on the Secretary of State and defendant Lazaruk. When no answer or other pleading was received, except for another letter from the Secretary of State advising that the claim was barred because of the late notice, a default was filed and copies were served on defendant and the Secretary of State.

On June 2, 1969, testimony was taken and default judgment was entered on June 12, 1969; and, on June 30, 1969, a true copy of such default judgment was sent to the Motor Vehicle Accident Claims Fund.

Plaintiffs then filed petition for order to show cause why the Motor Vehicle Accident Claims Fund should not be required to pay plaintiffs, and hearing was had thereon on June 5, 1970. The court, upon being informed that the case of *Lisee v Secretary of State* was pending in the Court of Appeals, ruled that it would take the petition

---

[1] This section was amended by 1968 PA 223, effective July 1, 1968, to reduce the filing time to six months.

under advisement pending decision by the Court of Appeals in the *Lisee* case.

Plaintiffs filed motion to intervene in the Court of Appeals in the *Lisee* case, which motion was granted July 22, 1970. They thereafter filed motions for leave to appeal and to consolidate with *Lisee v Secretary of State.* These motions were granted by the Court of Appeals on September 24, 1970.

On August 27, 1966, Robert Frederick Lisee, a minor, was involved in an accident with an automobile owned by Larry Eischer and driven by Donald Bryce. Lisee sustained serious and permanent injuries. Both Eischer and Bryce were uninsured. Notice of intent to claim against the Fund was made on September 15, 1967. The claims supervisor of the Motor Vehicle Accident Claims Fund replied that the claim would not be honored because of failure to file the notice within one year of the accident. On January 8, 1968, plaintiffs filed suit against Eischer and Bryce. Summons and complaint were served on the Secretary of State, with request that defendants Eischer and Bryce be served pursuant to MCLA 257.1105; MSA 9.2805. The director of the Motor Vehicle Accident Claims Fund returned the summons and complaint to plaintiffs' attorney together with a letter which read as follows:

"We are returning herewith your correspondence dated January 9, 1968, addressed to the Honorable James M. Hare. We have not undertaken to serve the defendants, since the claim is barred by Section 18 of the Act creating the Fund."

Following a series of letters between plaintiffs' attorney and the Fund and its attorneys, wherein the Fund adhered to its earlier position, plaintiffs

proceeded to make personal service on each of the defendants. Counsel appeared on behalf of defendant Eischer. Later a voluntary dismissal was entered as to Eischer. On July 8, 1968, default judgment was entered against defendant Bryce. Copy of the judgment was sent to the Secretary of State, and payment was refused. Plaintiffs then filed motion in circuit court seeking to require the Secretary of State to make payment from the Fund. The motion was denied, and plaintiffs applied to the Court of Appeals for a writ of mandamus against defendant Hare as custodian of the Fund, to compel him to pay the default judgment.

The Court of Appeals, relying on *Grubaugh v St. Johns,* 384 Mich 165 (1970), held that the one-year notice provision of the Motor Vehicle Accident Claims Act was unconstitutional because it deprived plaintiff of due process of law. 32 Mich App 548. In view of the importance of this issue to the administration of the Motor Vehicle Accident Claims Fund, we granted leave to appeal. 385 Mich 766.

Defendants raise three issues on appeal:

1) Whether the statutory notice of intent provision as found in the Motor Vehicle Accident Claims Act and applied to competent adults, is constitutional?

2) Whether the statutory notice of intent provision as found in the Motor Vehicle Accident Claims Act and applied to minors, is constitutional?

3) Whether section 7 (3) of the Motor Vehicle Accident Claims Act[2] bars appellees Lisee from

---

[2] MCLA 257.1107; MSA 9.2807:

"(3) The secretary shall not pay out of the fund any amount in respect of a judgment unless the judgment was given in an action brought against *all persons* against whom the applicant might reasonably be considered as having a cause of action in respect of the

recovery from the Motor Vehicle Accident Claims Fund?

Plaintiffs Howell raise an additional issue:

4) Whether the actual notice and knowledge by the Secretary of State, through its agents and employees, of the occurrence of an automobile collision by virtue of the fact that a passenger files notice with the Secretary of State and that at least one of the vehicles in the collision was uninsured, obviates the requirement of the other passengers in the vehicle to give notice to the Secretary of State?

Plaintiffs Lisee also raise one additional issue:

5) In a case involving the Motor Vehicle Accident Claims Fund, where the Secretary of State fails to enter an appearance or defend a given action on behalf of an uninsured motorist, as he is permitted to do by statute, and a default judgment is entered against the uninsured motorist, is the Secretary of State estopped from raising the defense of failure to give notice to the plaintiffs' motion to require the Secretary of State to pay the judgment?

## I.

Both parties have fully briefed the issue of the constitutionality of the notice requirements of the Motor Vehicle Accident Claims Act. However, it is well settled in Michigan that, "[c]onstitutional questions will not be passed upon when other decisive questions are raised by the record which dispose of the case." *People v Quider,* 172 Mich 280, 288–289 (1912). See, also, *North Michigan Water Co v Escanaba,* 199 Mich 286, 307 (1917);

---

damages in question and prosecuted against *every such person* to judgment or dismissal." (Emphasis supplied.)

*Brown v Hill,* 216 Mich 520, 527 (1921); and *Cole v Battle Creek,* 298 Mich 98 (1941). Thus, we first turn to a discussion of the nonconstitutional issues raised by plaintiffs.

Plaintiffs Howell contend that the Secretary of State had actual notice of the accident which obviates the necessity of their giving notice. Ella Burgy, a passenger in the Howell car, was fatally injured and her estate did file a notice with the Secretary of State. The form prescribed by the Secretary of State provides a space to indicate whether other persons in the car sustained injuries. In addition, the State Police report, a copy of which was filed with the Secretary of State, indicated that Adrian Howell, Peggy Howell, Martha Mae Howell, and Barbara Burgy all suffered visible injuries in the accident. Thus, if the Secretary of State's office had investigated, it would have found that plaintiffs had sustained injuries.

MCLA 257.1118; MSA 9.2818, provided:

"In all actions in which recovery is to be sought against the fund, said action must be commenced within 3 years from the time the cause of action accrues. Provided that recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary, on a form prescribed by him, within 1 year of the date that the cause of action shall accrue."

MCLA 257.1128; MSA 9.2828, provides:

"All claims or actions under which any person seeks to recover from the fund shall be filed or commenced within 3 years from the date of accident."

It is clear that the notice provision is not jurisdictional. Section 28 of the Act (MCLA 257.1128; MSA 9.2828), provides a three-year statute of limi-

tations. If section 18 (MCLA 257.1118; MSA 9.2818) was meant to be jurisdictional, there would be no need for section 28. The notice provision of section 18 was designed to serve a different purpose. The Court of Appeals stated in *Stacey v Sankovich,* 19 Mich App 688, 696–697 (1969):

"In his brief in support of the motion for accelerated judgment, the secretary stated his position as to the reason behind the notice provision:

" 'Since the act itself anticipates actual defense of the actions in which the secretary may otherwise be properly involved by reason of adequate notice, it is clear that he could only do so if he were, in fact, in receipt of such notice. Aside from the proviso to defend the defendant in the action, the object of the provisions of this kind has been repeated many times. It is to afford the governmental agency an opportunity to investigate and preserve evidence before the claim has become too stale, as stated in *Rottschafer v. City of East Grand Rapids* (1955), 342 Mich 43, or as stated in *Trbovich v. City of Detroit* (1966), 378 Mich 79, that the provision of notice is to protect the local units of government from possible, if not probable, spurious claims against which no defense could be made for want of timely notice and timely investigation. After all, the exposure to *[sic]* the Secretary and to *[sic]* the fund for *[sic]* damages and injuries to persons sustained through the tortious acts of uninsured motorists is vast. The situation here is not the ordinary situation where both the plaintiff and defendant are normally present at the scene; nor is it akin to other situations where the defendant may be in actual physical custody of property, such as where the plaintiff be *[sic]* injured by a slip and fall accident. The secretary has no practical means of learning of the accidents for which the fund may be liable, unless he receives a notice. It is the contention of your intervening defendant that such notice be actual and also to enable him to arrange for advocacy, it is necessary that such notice be prompt.'

"We agree with the secretary's position as to the purpose of the notice provision. In light of the Supreme

Court's pronouncement in *Meredith, supra [Meredith v Melvindale,* 381 Mich 572 (1969)], it is clear that the notice provision was inserted in the act to provide the Secretary of State, as director of the fund, with ample opportunity to investigate claims against it and to determine possible exposure of the fund to liability for payment. The notice requirement was not intended to be jurisdictional."

In *Mullas v Secretary of State,* 32 Mich App 693, 697 (1971), the Court of Appeals said:

"Statutory provisions requiring that notice of a claim be given to a governmental unit are not necessarily jurisdictional. Their purpose is to insure that the Secretary will have an opportunity to investigate the validity of claims before they become 'stale' and to determine possible liability of the Fund."

While the issue of the purpose of the notice provision of the Motor Vehicle Accident Claims Act is one of first impression before our Court, the Supreme Court has discussed the purpose of similar notice provisions in other contexts. In *Pearll v Bay City,* 174 Mich 643 (1913), plaintiff sued defendant city to recover damages for personal injuries sustained in falling upon a defective sidewalk. Section 204 of the city's charter required that notice of intent to sue be given within 30 days of the injury. The Court stated (p 647):

"The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names of witnesses, to direct them to the sources of information that they conveniently may make an investigation."

Our Court in *Meredith v Melvindale,* 381 Mich

572, 579 (1969), quoted with approval the above quotation from *Pearll.*[3]

Thus, we hold that the Court of Appeals in *Stacey v Sankovich, supra,* and *Mullas v Secretary of State, supra,* was correct in holding that the purpose of the statute was to afford the govern-mental agency an opportunity to investigate and preserve the evidence before the claim had become too stale, and to protect the Fund from possible spurious claims for which no defense could be made for want of timely notice and timely investigation.

The purpose of the Legislature in passing the Motor Vehicle Accident Claims Act was to compensate those persons who were injured as a result of the negligent operation of a motor vehicle by an uninsured person. Plaintiffs clearly fall within the class of persons designed to be protected by the Act. The purpose of the notice provision of MCLA 257.1118; MSA 9.2818, is met in this case. The Secretary of State did receive actual notice of the accident through the notice of intent to claim filed by the estate of Ella Burgy and the State Police accident report, a copy of which was sent to the Secretary of State. An investigation of the events surrounding the accident was in fact made. The Secretary of State in its letter dated February 23, 1967, to the Great Lakes Claims Service, stated that the injuries of the four other occupants of the Howell vehicle should be checked out. On March 12, 1967, the Great Lakes Claims Service filed an investigational report with the Secretary of State wherein it referred to the injuries received by the Howells and, on September 14, 1967, another letter was sent by the Great Lakes Claims Service to

---

[3] See, also, *Hummel v Grand Rapids,* 319 Mich 616, 624 (1948), which quoted a similar statement with approval from *Griffin v Ellenburgh,* 171 App Div 713; 157 NYS 813 (1916).

the Secretary of State which again referred to the injuries of the Howells. Hence, the Secretary of State was not prejudiced in any way. Because of the remedial nature of this Act and because of the lack of prejudice to the defendant, we hold that plaintiffs' failure to file notice within the time required under MCLA 257.1118; MSA 9.2818, is not a bar to recovery under the circumstances of this case.[4]

## II.

Plaintiffs Lisee contend that the Secretary of State is estopped from the defense of lack of timely notice because of defendant's failure to enter the case and plead the lack of timely notice as a defense. MCLA 257.1105; MSA 9.2805, read in part:

"Where such an action is commenced, summons and complaint *shall* be served on the secretary by leaving a copy thereof with or at the office of the secretary who *shall* forward a copy of the summons and complaint forthwith by certified mail to the defendant at his last address as recorded with the secretary. * * * In all actions where summons and complaint have been served upon the secretary, the secretary shall have the right to intervene in said action as a party defendant." (Emphasis supplied.)

The use of the word "shall" mandates the Secretary of State to forward a copy of the summons and complaint to the defendant. No exceptions are permitted. This section also provides that the Secretary of State has the right to intervene as a party defendant. The Secretary of State contends that while it has such a right, it does not have a

---

[4] For a somewhat analogous situation where failure to file notice completely was waived, see *Nevala v Ironwood*, 232 Mich 316 (1925).

duty to intervene, relying on *Livasy v Evans,* 24 Mich App 227, 230 (1970):

"Service of summons and complaint on the Secretary of State is required to preserve a claim against the fund. Such service does not make the Secretary of State a party to the action. The latter occurs if the Secretary of State decides to intervene in the action."

In dealing with this issue, we must not lose sight of the fact that this is remedial legislation to aid an innocent injured person. The Legislature intended that the Fund be available to promptly provide compensation for such injuries. The Secretary of State, in his failure to respond to the complaint, did not aid in carrying out the legislative purpose. The Secretary of State received plaintiffs' notice of intent to file claim and knew plaintiffs had commenced action to recover damages. However, he took no action to intervene and relied on the lack of notice as a defense. Michigan law has long recognized that an estoppel can occur by silence. *Griffin v Nichols, Shepard & Co,* 51 Mich 575 (1883). Our Court has also recognized in other contexts that the defense of failure to give proper notice may be waived by a governmental body if it fails to raise this defense at the time of trial. *Canfield v City of Jackson,* 112 Mich 120 (1897).

We, therefore, hold that the Secretary of State had a duty to intervene and affirmatively plead the defense of failure to give notice when plaintiffs Lisee commenced their action. The failure of the Secretary of State to answer and affirmatively plead the failure of notice as a defense, denied to him this defense when plaintiffs filed their motion to compel payment, and we decline to accept the holding in *Livasy v Evans, supra.*

Defendant contends that section 7 (3) of the Motor Vehicle Accident Claims Act (MCLA 257.1107; MSA 9.2807), bars plaintiffs Lisee from recovery because of the voluntary dismissal entered as to Eischer. For the reasons stated above, we hold that the Secretary of State also waived this defense by not affirmatively pleading the same.

In view of our disposition of these cases, we decline to deal with the constitutional issues raised. The judgments of the Court of Appeals are affirmed. No costs, a public question being involved.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.

T. E. BRENNAN, J. *(dissenting)*. I dissent.

The statute is clear. It requires notice of intent to claim against the Fund. That notice must be on a form prescribed by the Secretary of State.

The specific statutory requirement of notice on a form prescribed by the Secretary precludes the giving of the notice in any other form. Indirect, implied or so-called "actual" notice does not fulfill the statutory requirement.

The majority ascribe to the Legislature the purpose of requiring notice in order to permit timely investigation.

Nothing in the statute limits the notice requirement to the narrow purpose of investigation. Other valid reasons for the notice requirement might well have motivated at least some of the legislative "ayes".

The need for some foreknowledge of pending

claims for the purpose of creating reserves and anticipating future demands upon the Fund is one.

The desire to put the plaintiff to an early option is another. After all, the mere lack of liability insurance does not *necessarily* mean that the defendant is uncollectible. An injured party may, for various reasons, choose not to claim against the Fund, even where the defendant is uninsured. The legislative mandate that such decision be made within a year is not unreasonable.

With respect to the *Lisee* case, the majority conclude that the Secretary had a *duty* to intervene, despite clear statutory language that, "the secretary shall have the *right* to intervene * * * ."

My Brother's construction of the statute converts the provision for substituted service upon the Secretary of State into an actual service of process upon the Fund, and requires the Secretary to present objections to payment from the Fund in the principal action between the injured person and the uninsured motorist.

The statute provides that objections to payment from the Fund may be made *after* determination of all proceedings, including appeals, in the principal case. MCLA 257.1107; MSA 9.2807.

In the area of private liability insurance, courts have held that under certain circumstances, the insurance carrier must defend an action against their insured under a reservation of policy defense. The uninsured motorist fund statute does not impose such a duty upon the Secretary.

The cost of defending every suit against an uninsured motorist, whether or not a claim has been preserved against the Fund, is surely a proper consideration for legislative determination.

We have no call to disturb the decision of the coordinate branch of government.

BLACK, J., concurred with T. E. BRENNAN, J.