DOREY v SAVAGE

Docket No. 78-808. Submitted December 21, 1978, at Detroit.—Decided October 2, 1979.

Gordon Dorey's parked automobile was hit and damaged by an unidentified motorist who was driving a car owned by Frederick M. Savage without the owner's permission. Dorey's car was covered under compulsory no-fault insurance but was not insured under an optional collision policy which would have covered his damage. Dorey could not recover his loss from his own carrier, having no collision insurance, nor from the owner or driver of the other vehicle. He brought an action in Common Pleas Court of Detroit against Frederick M. Savage, owner of the other car, John Doe, as the unidentified driver, and Richard H. Austin, Secretary of State, seeking to recover under the Motor Vehicle Accident Claims Act (MVACA). Judgment for plaintiff, Theresa Doss, J. The Secretary of State appealed to Wayne Circuit Court where the Common Pleas judgment was affirmed, Joseph G. Rashid, J. Defendant, Secretary of State, appeals by leave granted, contending that the provisions of the no-fault automobile act preclude plaintiff's recovery from the MVACA fund. Plaintiff argues that the fund is liable because he has no collision coverage and no source of recovery under the no-fault act. *Held:*

1. The MVACA established a fund, to be treated as a state-administered insurance fund, to compensate persons injured as a result of the negligent operation of a motor vehicle by an uninsured motorist. A plaintiff cannot recover from the fund for anything covered under his no-fault automobile policy which requires the owner of a motor vehicle to have personal, property and residual liability protection. There is no mandatory requirement in the no-fault statute that optional collision insurance be carried; therefore, having no source of recovery for his automobile damage under collision insurance or no-

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, New Topic Service, No-Fault Insurance § 34.
[2] [No Reference]
[3] Am Jur 2d, New Topic Service, No-Fault Insurance § 4.
[4] [No Reference]

fault, plaintiff's damages are not precluded by the provisions of the no-fault act and he has a valid and collectible claim from the MVACA fund.

2. The no-fault act makes no mention of how property damage is to be dealt with where automobile accident damages are not recoverable. While an optional collision policy would have covered plaintiff's loss, there is no specific legislative indication or expression of intent in the no-fault act or in amending legislation which would support an inference that the MVACA should be excused from liability.

Affirmed.

1. INSURANCE — NO FAULT INSURANCE — AUTOMOBILES — PERSONAL PROTECTION — PROPERTY PROTECTION — LIABILITY INSURANCE.

The owner of a motor vehicle is required to maintain an insurance policy containing coverage for personal protection insurance, property protection insurance, and residual liability insurance as defined in the no-fault act.

2. INSURANCE — NO FAULT INSURANCE — AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS ACT.

The Motor Vehicle Accident Claims Act (MVACA) precludes a plaintiff's recovery from the MVACA fund for anything required to be covered under his no-fault automobile policy.

3. INSURANCE — NO FAULT INSURANCE — AUTOMOBILES — OPTIONAL COLLISION COVERAGE.

Collision insurance is an option to be paid for by the owner of a motor vehicle or he may underwrite his own risk by refusing such additional coverage; therefore, there is no mandatory requirement that collision insurance coverage be carried in addition to no-fault insurance coverage.

4. INSURANCE — NO FAULT INSURANCE — AUTOMOBILES — OPTIONAL COLLISION INSURANCE — PROPERTY DAMAGE — MOTOR VEHICLE ACCIDENT CLAIMS FUND.

The motor vehicle accident claims fund is liable to an owner of a parked automobile who has no-fault insurance but no optional collision coverage where an unknown driver, driving without permission, hits and damages the parked automobile.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph A. Bilitzke* and *Regina A. King,* Assistants Attorney General, for defendant Secretary of State.

*Morbach, Cheatham & MacArthur* (by *Paul F. Ray*), for plaintiff.

Before: M. F. Cavanagh, P.J., and Bashara and Allen, JJ.

Per Curiam. On September 24, 1974, plaintiff's parked automobile was hit and damaged by a car owned by Frederick M. Savage and driven by an unidentified motorist. Plaintiff's car was covered under the compulsory no-fault insurance provisions, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* but was not insured under an optional collision policy that would have covered this damage.

Suit was commenced in Common Pleas Court. It was there determined that the unknown driver had been driving without owner Savage's permission. Plaintiff could not claim against Savage's insurance and, because he also could not recover under his own insurance nor from the unidentified motorist, plaintiff sought to recover under the Motor Vehicle Accident Claims Act (MVACA), MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.*

Defendant Secretary of State argued below that 223 PA 1974 amended MCL 257.1105; MSA 9.2805 to preclude plaintiff from recovery under the MVACA. The relevant portion of the section follows:

"A payment shall not be made under this act for an accident occurring after the effective date of this amendatory act to an owner or registrant of a motor vehicle for which security under sections 3101 to 3179 of Act No. 218 of the Public Acts of 1956, as amended, is required."

Sections 3101 through 3179 refer to the no-fault act.

Plaintiff contended that the sentence did not apply since collision insurance is not a security required under no-fault. MCL 500.3101; MSA 24.13101; MCL 500.3131; MSA 24.13131.

The judgment for the plaintiff in Common Pleas was affirmed on appeal to the Wayne Circuit. Upon application by the Secretary of State, this Court granted leave.

In 1968, the MVACA established a fund, the purpose of which was to compensate a person injured as a result of negligent operation of a motor vehicle by an uninsured motorist. It was remedial legislation aimed at aiding the innocent injured party. *Lisee v Secretary of State,* 388 Mich 32, 44-45; 199 NW2d 188 (1972). This Court has likened the MVACA provision to a state-administered insurance fund with its primary beneficiaries being those injured by the uninsured. *Bray v Department of State,* 69 Mich App 172, 178; 244 NW2d 619 (1976), *lv den* 397 Mich 851 (1976). Whether the plaintiff here can avail himself of this fund is the question. The answer, as the lower court stated, "depends on whether or not plaintiff was required to have security for his vehicle under sections 3101 to 3179 of 1956 PA 218, as amended".

By virtue of § 3101 of 1956 PA 218, the owner of a motor vehicle, plaintiff herein, is required to maintain an insurance policy containing coverage for personal protection insurance, property protection insurance, and residual liability insurance as defined in the no-fault act. It must first be determined whether plaintiff was required to maintain property protection insurance with regards to this kind of accident.

Section 3123 declares:

"(1) Damage to the following kinds of property is excluded from property protection insurance benefits:

"(a) Vehicles * * * unless the vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred.

"(b) Property owned by a person named in a property protection insurance policy * * * if the person named * * * was the owner [or] registrant * * * of a vehicle involved in the motor vehicle accident out of which the property damage arose."

The court below interpreted this provision to mean that while an owner of a motor vehicle must maintain in full force and effect a no-fault insurance policy, such policy need not mandatorily provide collision insurance coverage. Collision insurance is an option to be paid for by the owner or the owner may underwrite his own risk by refusing such additional coverage. We agree with this interpretation. The 1974 amendment to the Motor Vehicle Accident Claims Act precludes plaintiff from recovery for anything required to be covered under his no-fault policy. This claim falls outside the required policy provisions.

Another reason we are persuaded this claim should lie against the MVACA is that MCL 257.1115; MSA 9.2815 did render the fund liable under the facts here present. This provision is not specifically dealt with in no-fault or in any amending legislation. While an optional collision policy would have covered the situation, there is no specific indication that this was the Legislature's way of excusing the MVACA's liability. There is no mention in the no-fault act of how property damage is to be dealt with where the offending driving is not recoverable. Since the Legislature felt it necessary to cover such a situation under the MVACA and has not similarly dealt with the issue under no-fault, we decline to infer a legislative intent to remove the fund's liability to this

plaintiff. We do note that the Legislature subsequently clearly limited the fund's liability to accidents occurring prior to January 2, 1976. MCL 257.1133; MSA 9.2833.

For the foregoing reasons, we affirm. No costs.