CAVANAGH, J.
(dissenting). I believe that plaintiff has stated the manner in which the perforation of decedent’s artery was the proximate cause of his death and, thus, that her notice of intent meets the requirements of MCL 600.2912b. I also believe that when a notice of intent required by MCL 600.2912b is deficient, MCL 600.2301 should control and the deficiency should be disregarded if there is no effect on the substantial rights of a party. Most importantly, I believe that the Legislature did not intend a statute mandating notice to one *565 party to be used by that party to defeat another party’s claim after it is too late to correct an alleged deficiency. Therefore, I respectfully dissent.
On October 5, 2001, David Waltz was admitted to Borgess Medical Center for chest pains. The next day, Dr. Michael Lauer performed an angioplasty on Waltz. During the procedure, Lauer perforated Waltz’s coronary artery. Waltz experienced severe hypotension and hypoxia. Dr. Alponse DeLucia, III, a cardiothoracic surgeon, performed emergency coronary-bypass surgery, but, by this time, Waltz had suffered an anoxic brain injury. He died six days later, on October 11, 2001. According to Lauer’s own testimony, the perforation was the cause of Waltz’s death.
Plaintiff is the personal representative of Waltz’s estate. Following the requirements of MCL 600.2912b(l) and (2), plaintiff mailed a notice of intent (NOI) to three defendants on January 13, 2003.[1] After waiting 182 days, as required by MCL 600.2912b(l), plaintiff commenced this action by filing a complaint naming the three defendants and an affidavit of merit on June 19, 2003. Plaintiff filed the complaint and affidavit four months before the expiration of the applicable period of limitations. MCL 600.5805(5), now MCL 600.5805(6). In February 2005, 20 months after plaintiff filed suit and more than two years after receiving plaintiffs NOI, defendants filed a motion for summary disposition, claiming that a defect in plaintiffs NOI entitled them to dismissal.
The majority concludes that plaintiff did not meet the requirements of MCL 600.2912b(4)(e), which requires a statement of the “manner in which it is alleged *566 the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.” I disagree.
Plaintiffs NOI states that “Mr. Waltz presented to defendants for an elective [percutaneous transluminal coronary angioplasty]. During the procedure, the defendant caused a perforation which led to Mr. Waltz’ death.” Plaintiffs NOI further alleges that Waltz might have survived but for negligence in responding to the perforation. The NOI alleges actions that defendants should have taken but did not. It states that defendants did not (1) recognize the perforation in a timely manner, (2) stop the administration of an anticoagulant, (3) order an echocardiogram, (4) insert a balloon pump, (5) timely perform a pericardiocentesis,[2] (6) attempt another pericardiocentesis after the initial attempt proved unsuccessful, and (7) keep the LAD[3] wire in place to maintain access to the blood vessel.
*567 I believe that this is a statement of the manner in which Lauer’s breach was the proximate cause of Waltz’s death. Plaintiffs NOI alleges that Lauer’s breach caused a perforation of Waltz’s artery and deprived Waltz of the enumerated means that would have helped him survive the emergency.
This Court has stated that, given the presuit timing of the notice and lack of information available, “the claimant is not required to craft her notice with omniscience”; thus, it is not fatal that the allegations in the NOI are inaccurate. Roberts v Mecosta Co Gen Hosp (After Remand), 470 Mich 679, 691; 684 NW2d 711 (2004). Plaintiff alleges, for example, that Lauer negligently caused Waltz’s death by the continued administration of an anticoagulant after internal bleeding was detected.[4] This may or may not be accurate, but it is an allegation of the manner in which Lauer’s negligence was the proximate cause of the injury in this case.
I am uncertain what the majority finds lacking here, and the majority does not specify it. In fact, the majority appears to say that plaintiff did not state the manner of causation because she did not state the manner of causation. I would find plaintiffs statement sufficient under MCL 600.2912b(4)(e).
Additionally, if plaintiffs NOI were deficient, I would allow her to amend it or direct the trial court to disregard the deficiency in this case. The most obvious, direct, and irrefutable legislative intent of this statute is notice. Indeed, the statute mandates that a potential medical-malpractice defendant receive notice of impending litigation. There is no indication of an intent for the NOI to be used as a trap for the unwary, ambushing a plaintiff who is without notice of the *568 technical defect in her NOI.[5] The majority’s decision annihilates notice for a plaintiff with the slightest deficiency under MCL.600.2912b. What is worse, a plaintiff may receive this terminal blow, not only without notice of the NOI’s deficiency, but after any opportunity to correct the defect is past.
I believe that MCL 600.2301 should apply when an NOI is deficient. That statute states:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.
While MCR 2.118 controls the amendment of pleadings, an NOI is not a pleading, and its amendment is controlled by MCL 600.2301, which applies to any process or proceeding before a court.[6]
The statute allows amendment “at any time” before judgment is rendered. At the time defendants asserted that plaintiffs NOI was defective, judgment had not *569 been entered (in fact, the trial had not even begun yet). Therefore, allowing amendment is proper. The amendment may be “either in form or substance.” So amending the substance of the NOI to more clearly state, for example, the manner in which the breach caused the injury is proper.
The statute operates “for the furtherance of justice.” Justice is furthered by applying MCL 600.2301 in a case in which a statute mandating notice to one party operates as a terminal trap without notice to the party required to give notice. In this case, Lauer has not asserted that plaintiffs claim lacks merit, that he was not negligent, or that plaintiffs notice failed to put him on notice of plaintiffs claim. Lauer merely alleges that plaintiffs NOI was technically insufficient under MCL 600.2912b. The aim of MCL 600.2301 is “ ‘to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties.’ ” Gratiot Lumber & Coal Co v Lubinski, 309 Mich 662, 668-669; 16 NW2d 112 (1944) (citation omitted). If plaintiffs NOI were deficient, MCL 600.2301 should apply to allow amendment.
The second sentence of MCL 600.2301 requires a court to “disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.” I do not believe that Lauer’s substantial rights would be affected by disregarding a defect in plaintiffs NOI in this case. The only possible effect on Lauer is lack of notice. But lack of notice is not evident here because he had actual notice.[7] Indeed, in deposition *570 testimony taken on October 24, 2003, Lauer stated that he knew what the case was about. In his answer to plaintiffs interrogatories, submitted on December 3, 2003, Lauer admitted that he caused the perforation of Waltz’s artery and that the perforation caused Waltz’s death. When asked in those interrogatories whether he admitted negligence, Lauer responded, “Perforation is a rare, but accepted, complication of [percutaneous coronary intervention, i.e., angioplasty], even when everything is done properly.” Lauer knew what plaintiffs claim was about. He now challenges that claim only to invalidate it after plaintiff can no longer fix the alleged error.[8]
In similar circumstances, this Court held that dismissal on the basis of a deficient notice of intent was inappropriate when there was no prejudice to the recipient. In Lisee v Secretary of State, 388 Mich 32; 199 NW2d 188 (1972), the plaintiff gave the Secretary of State notice of a potential claim, as required by MCL 257.1118, which stated:[9] *571 The Secretary of State refused to pay the plaintiffs claim and defended on the grounds that the plaintiff had failed to file a notice of intent within the statutory period. Lisee, supra at 37. This Court held that the deficient notice of intent did not bar recovery because there was no prejudice to the Secretary of State. Id. at 45. We reasoned as follows:
*570 In all actions in which recovery is to be sought against the [motor vehicle accident claims] fund, said action must be commenced within 3 years from the time the cause of action accrues. Provided that recovery from the fund shall not be allowed in any event unless notice of intent to claim against the fund is served upon the secretary, on a form prescribed by him, within 1 year of the date that the cause of action shall accrue. [Emphasis added.]
*571 The purpose of the notice provision of [MCL 257.1118] is met in this case. The Secretary of State did receive actual notice of the accident through the notice of intent to claim filed by the estate of Ella Burgy.... Hence, the Secretary of State was not prejudiced in any way. Because of the remedial nature of this Act and because of the lack of prejudice to the defendant, we hold that plaintiffs’ failure to file notice within the time required under [MCL 257.1118] is not a bar to recovery under the circumstances of this case. [Id. at 44-45 (emphasis added).]
There is no reason to treat MCL 600.2912b differently from MCL 257.1118 when the critical language is nearly identical.
The majority states that MCL 600.2912b places no duty on a defendant to challenge deficiencies in a plaintiffs NOI before the plaintiffs case is filed. The question here is not one of a defendant’s duty; rather, the question is one of legislative intent. The clear intent of MCL 600.2912b is to require pretrial notice to potential medical-malpractice defendants. I find no indication in the statute that it was intended to trap unwáry plaintiffs and defeat otherwise meritorious claims months or years after an action is commenced.
I believe that plaintiffs NOI contains a statement of the manner in which Lauer’s breach caused the injury at issue. If plaintiffs NOI were deficient, I would remand this case to the trial court for consideration *572 under MCL 600.2301. On remand, Lauer would be free to argue that his substantial rights have been affected.
Weaver and Kelly, JJ., concurred with Cavanagh, J.

 The three named defendants are Lauer, Borgess Medical Center, and Heart Center for Excellence, EC.

 According to MedlinePlus, Medical Encyclopedia, a service of the National Institutes of Health and the United States National Library of Medicine:
Pericardiocentesis involves the use of a needle to withdraw fluid from the pericardial sac (membrane that surrounds the heart).
This test may be performed to remove fluid that is compressing the heart for examination. It is usually done to evaluate the cause of a chronic or recurrent pericardial effusion (fluid in the pericardial sac). It may also be done as a treatment measure to relieve cardiac tamponade (compression of the heart from an accumulation of fluid within the pericardial sac). [<http://www.nlm.nih.gov/medlineplus/ency/article/003872.htm #Definition> (visited June 2, 2008).]

 “LAD” refers to the left anterior descending coronary artery, in which the guide wire was placed for Waltz’s angioplasty.

 This allegation is readily ascertainable in plaintiffs NOI.

 In South Norfolk v Dail, 187 Va 495, 503; 47 SE2d 405 (1948), the court aptly referred to dismissed of a claim on the basis of a defective notice as “a trap for the unwary.”

 In my view, service of an NOI is part and parcel of medical-malpractice “proceedings” in Michigan; service of an NOI is encompassed by MCL 600.2301. See Fildew v Stockard, 256 Mich 494; 239 NW 868 (1932) (applying 1929 CL 14144, a predecessor of MCL 600.2301, to an affidavit for a writ of garnishment that was required to be filed before commencement of the action), and Tudryck v Mutch, 320 Mich 99, 106-107; 30 NW2d 518 (1948) (applying 1929 CL 14144 to a settlement agreement and stating that “[t]o argue at this late date that the Tudrycks did not authorize the settlement or that their attorney exceeded his authority is, to say the least, not appealing to the conscience of the Court”).

 Additionally, the specific notice requirements of MCL 600.2912b(4) are precisely duplicated in the complaint and affidavit of merit once litigation is commenced. See MCL 600.2912d(l), listing the required content of an affidavit of merit; MCR 2.111(B), listing the required *570 content of a complaint; and Locke v Pachtman, 446 Mich 216, 222; 521 NW2d 786 (1994), stating the requirements for a claim asserting medical malpractice.

 Because I believe that plaintiffs notice of intent was sufficient, or that any insufficiency should be disregarded under MCL 600.2301, I do not reach the issue whether plaintiffs complaint and affidavit of merit tolled the period of limitations.

 After the claim accrued in Lisee, the statute was amended to make the notice period six months, among other changes. 1968 PA 223.