FORSEE *v.* KOHARI

1. AUTOMOBILES—NEGLIGENCE—ACTION—DEFAULT—UNINSURED MO-
TORIST FUND—SECRETARY OF STATE—RIGHT TO DEFEND—DEFAULT
JUDGMENT—VACATION.

Trial court's denial of Secretary of State's motion made under
the motor vehicle accident claims act to set aside a default
judgment against an uninsured motorist on the ground that
it was not made within 30 days of default *held,* erroneous
where trial court's finding that default took place on a cer-
tain date was improper because defendant who appeared *in
propria persona* was in default only upon failure to appear
for trial 2 months later under rules of Common Pleas Court
of Detroit; the rules provide for default for failure to file a
detailed written answer to a complaint within 15 days only
if defendant is represented by counsel (CL 1948, § 257.1108,
as added by PA 1965, No 198; Common Pleas Court of Detroit
Rules No 9, 19).

2. AUTOMOBILES—NEGLIGENCE—ACTION—DEFAULT—UNINSURED MO-
TORIST FUND—SECRETARY OF STATE—REOPENING OF PLEADINGS.

The Secretary of State may move to reopen the pleadings at any
time within 30 days of the entry of a final default judgment
against an uninsured motorist which results in a claim against
the state uninsured motorist fund (CL 1948, § 257.1108, as
added by PA 1965, No 198).

Appeal from Common Pleas Court of Detroit,
John W. Connolly, J. Submitted Division 1 Decem-
ber 12, 1968, at Detroit. (Docket No. 5,013.) De-
cided March 25, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance § 137.
[2] 30A Am Jur, Judgments § 636.

Declaration by James S. Forsee and William M. Williams against Frank Eli Kohari, Jr., and Frank Kohari, Sr., for damages resulting from an automobile collision. Default judgment for plaintiffs. Plaintiffs proceed against James M. Hare, Secretary of State, to collect on the judgment under the motor vehicle accident claims act. Motion by the Secretary of State to set aside default judgment denied. The Secretary of State appeals. Reversed.

*Garan, Lucow & Miller,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Hugh Anderson,* Assistant Attorney General, and *Michael J. Kelley,* Special Assistant Attorney General, for the Secretary of State.

BEFORE: McGREGOR, P. J., and FITZGERALD and CYNAR,* JJ.

FITZGERALD, J. Defendant Frank Kohari, Jr., was driving his father's car in the city of Detroit when he struck the rear of a car, forcing it into the rear of a car owned by plaintiff-appellee Williams and driven by plaintiff-appellee Forsee. Action was begun in the common pleas court of Detroit on August 17, 1967. The Secretary of State-appellant was also served under the provisions of the motor vehicle accident claims act (M. V. A. C.)[1] as defendant was an uninsured motorist, but the Secretary was not named as a party.[2] The following events then occurred:

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

[1] CL 1948, § 257.1101 *et seq.* as added by PA 1965, No 198 and amended by PA 1967, No 274 (Stat Ann 1968 Rev § 9.2801 *et seq.*).

[2] Common pleas unclassified rule dated May 6, 1968, required that the Secretary be named as a defendant where the attorney is attempting to reach the Michigan vehicle accident claims fund. This was not the rule at the time of this case.

1. On September 7, plaintiffs sent a letter to a representative of the Michigan vehicle accident claims fund giving information on the accident and notifying the fund of their intention to enter a default judgment against defendants if necessary.

2. On September 21, plaintiffs sent a registered letter to the offices of the fund in Detroit (apparently received by the fund on September 25) with a copy of a notice of default dated September 18, declaring defendants to be in default as of September 16. The trial had been set to begin November 16. The letter offered a stipulation to set aside the default if attorneys for the fund wished to appear for defendants. No reply was made by the Secretary of State.

3. Plaintiffs entered an affidavit for entry of the default judgment on November 6 which was then ordered by the common pleas court on November 7.

4. Plaintiffs, by registered letter sent November 17, requested the fund to provide drafts in satisfaction of a judgment. The letter was received November 29.

5. The Secretary of State entered a motion on December 6 to set aside the default, the motion being denied December 13. A motion for rehearing was also denied after oral argument on January 3, 1968. Appellant here is the Secretary of State, charged with direction and administration of the motor vehicle accident claims fund.[3]

We are first concerned with the application of §§ 8(1) and 8(2) of the motor vehicle accident claims act[4] to the facts. Typically, the person receiving a judgment against an uninsured motorist will make application to the Secretary of State for the payment

---

[3] MCLA § 257.1102 as amended by PA 1967, No 274 (Stat Ann 1968 Rev § 9.2802).

[4] MCLA § 257.1108 (Stat Ann 1968 Rev § 9.2808).

of the amount determined due him under § 7[5] and
then be paid.  However, under § 8 we see that:

"(1) Section 7 does not apply in the case of a
judgment entered in an action in which the defendant
did not enter an appearance, did not file an answer,
or did not appear in person or by counsel at the
trial, or judgment was entered upon the consent or
with the agreement of the defendant, unless the
Secretary has been given notice of the failure, con-
sent or agreement and has been afforded an oppor-
tunity to take such action as he may deem advisable
under subsection (2).

"(2) Where the Secretary receives notice under
this section, he may enter an appearance within 30
days, file an answer, make payment into court, appear
by counsel at the trial or take such other action as he
may deem appropriate on behalf and in the name
of the defendant, and thereupon, on behalf and in
the name of the defendant, may conduct his defense,
and may consent to judgment in such amount as he
may deem proper in all the circumstances, and all
acts done in accordance therewith shall be deemed
to be the acts of the defendants.

"(3)  Where pleadings have been closed, the Secre-
tary, upon giving notice to the court and to all
proper parties to the action that he intends to defend
the action on behalf and in the name of the defend-
ant, may reopen the pleadings upon praecipe."

Plaintiffs recite the finding of the lower court that
the September 21 letter adequately informed the
Secretary of State of the default, that it correctly
offered the Secretary the opportunity to participate
in the case and that the 30 days for action under
subsection 2 expired, having begun to run from that
date.   The Secretary has convinced this Court, and
the plaintiff, that the procedure followed by the clerk
of the common pleas court in issuing the default on

---

[5] MCLA § 257.1107 (Stat Ann 1968 Rev § 9.2807).

September 16, when the case was set for trial on November 16, was erroneous, and that no default occurred at that time.[6] It is thus alleged that the Secretary first received effective notice of defendants' actual default on November 29, not September 25, so that the December 6 motion to set aside the default judgment was timely. We agree and find that the denial of the Secretary's motion was erroneous. The September 21 letter did not inform, and could not be found to have *impliedly* informed, the fund and the Secretary of the failure of the defendant to file an answer requiring immediate action by the Secretary under §§ 8(1) and 8(2), as the failure to file an answer was not fatal at that time because defendants had made an appearance *in propria persona*.

Plaintiffs also take issue with any interpretation of § 8(3)[7] which would permit the Secretary of State to reopen the pleadings and enter the case after a final judgment has already been rendered. They insist that to permit this late entry would obviate the purpose of the first 2 subsections of the statute, requiring that prompt notice be given the Secretary of the lack of defense by the insured defendant so that the Secretary would be afforded his opportunity to enter. The fear is not only that the Secretary need not do anything upon receiving prior notices of fail-

---

[6] This error appears to have been predicated by a misconstruction of common pleas court rule 19, subsection 5, as it applies to a defendant who appeared *in propria persona*. Relevant portions of the rule read as follows: "When the attorney representing a defendant has filed only an appearance and not a detailed written answer as required by rule 9, the case shall be continued for 15 days. * * * If the said detailed answer is not filed within the prescribed 15 days, then the defendant shall be in default and plaintiff shall proceed in compliance with the preceding section of this rule. Effective September 1, 1967." There is no answer required of a defendant who has filed an appearance *in propria persona* and defendants here were not placed in default on September 16.

[7] CL 1948, § 257.1108 as added by PA 1965, No 198 (Stat Ann 1968 Rev § 9.2808).

ure to file answers, but also that unlimited power to reopen the case within 30 days after judgment may well create uncertainty on the part of all parties and counsel, delay and interruption of a trial, and lack of the desired finality of judgment properly rendered. We find no limitation in § 8 as to times when the Secretary may not reopen the pleadings by motion,[8] provided he acts within 30 days, which would apply to this case involving a defendant who has appeared *in propria persona* in the common pleas court. As the Secretary has complied with the requirements of the rules of the common pleas court, and all subsections of § 8, he may reopen the case within 30 days following a default judgment. It may well be preferable that the Secretary not be permitted to wait until the default before committing himself to action on defendant's behalf, but our present interpretation of § 8 and the common pleas rule is that he may do just this.

The statute is intended to protect the rights of the Secretary to defend the interests of the fund when an uninsured defendant has chosen to take the path of least resistance, erroneously believing that he will avoid the inconveniences of trial and liability. However, a re-evaluation of the rules of the common pleas court may be in order so that possible inconveniences to plaintiff's counsel created by uncertainty as to the extent of the defense to be offered may be alleviated.

Reversed. No costs, a public question.

All concurred.

---

[8] Praecipe is not available in the common pleas court. Motion practice is the accepted substitute.