LIVASY v. EVANS

1. PLEADING—DEFAULT—MOTOR VEHICLE ACCIDENT CLAIMS ACT—
SECRETARY OF STATE—APPEARANCE—PARTIES.

An affidavit of default was ineffective as to the Secretary of
State, a motion by him to set aside the default was unneces-
sary, and the motion, the order denying it, and all trial pro-
ceedings thereafter with respect to the right of the Secretary
of State to defend the action were a nullity in a personal
injury action where the affidavit of default was filed when
the named defendant failed to file an answer and the Secretary
of State later filed an appearance pursuant to the Motor Ve-
hicle Accident Claims Act and thereby became a party (MCLA
§ 257.1101 *et seq.*).

Appeal from Genesee, Eliza H. Papp, J. Sub-
mitted Division 2 May 5, 1970, at Lansing. (Docket
No. 7,739.) Decided May 28, 1970. Rehearing de-
nied July 7, 1970. Leave to appeal denied October
15, 1970. 384 Mich 765.

Complaint by Edward Livasy against Richard C.
Evans, administrator of the estate of Donald Russell
Hall, deceased, to recover for injuries sustained in
an automobile accident. The Secretary of State in-
tervened and moved to set aside an affidavit of de-
fault. Motion denied. Default judgment for plain-
tiff. The Secretary of State appeals. Reversed and
remanded for trial.

REFERENCE FOR POINTS IN HEADNOTE
[1]  46 Am Jur 2d, Judgments § 379 *et seq.*

*Schwesinger, Wright & Salim (Robert J. Reid,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistant Attorneys General, for defendant Secretary of State. .

Before: T. M. Burns, P. J., and Quinn and Roberts,* JJ.

Quinn, J.   December 17, 1968, plaintiff, a guest passenger, filed his complaint in this personal injury action which arose from the alleged gross negligence of defendant's decedent.   December 30, 1968, copies of the complaint and summons were mailed to the Secretary of State, Motor Vehicle Accident Claims Fund, which were received January 2, 1969.

Defendant was personally served with copies of the summons and complaint December 18, 1968. January 3, 1969, copies of the summons and complaint were mailed to defendant by the Department of State.   January 8, 1969, defendant advised the Department of State by letter that the Hall estate had no funds or assets and that the action against defendant would not be defended by him.   February 17, 1969, plaintiff filed an affidavit of default.   Discovery pretrial was twice adjourned at plaintiff's request due to settlement negotiations between defendant and a representative of the claims fund. The last adjournment was to May 5, 1969.

April 10, 1969, the Secretary of State filed his appearance in the action, and on April 11, 1969, he filed an answer to the complaint together with a statement of affirmative defenses and a demand for jury trial.   April 14, 1969, the Secretary of State

---

* Circuit judge, sitting on the Court of Appeals by assignment.

moved to set aside the default and noticed it for hearing April 21, 1969. Plaintiff countered with a motion for entry of a default judgment and noticed it for hearing April 21, 1969.

By order filed May 14, 1969, the trial judge denied the motion to set aside the default. It is apparent from the transcript of the proceedings on April 21, 1969 and the language of the order filed May 14, 1969 that the trial judge considered the Secretary of State to be a defendant within and subject to the general court rules. The Secretary of State's motion for rehearing on his motion to set aside default was denied and default judgment was entered June 30, 1969. The Secretary of State appeals.

If the trial judge had followed the provisions of the Motor Vehicle Accident Claims Act, MCLA 1970 Cum Supp § 257.1101 *et seq.* (Stat Ann 1968 Rev § 9.2801 *et seq.*) with respect to the Secretary of State, and ignored the provisions of GCR 1963 as to him, the error about to be delineated would not have occurred. The statute involved is an affirmative act in derogation of the common law and what it directs to be done shall be done according to its terms, *Holland* v. *Eaton* (1964), 373 Mich 34.

Section 5 of the act reads:

"The secretary is deemed to be an agent of the owner or operator of every uninsured motor vehicle for service of process in an action in this state arising out of the use or operation in this state of the uninsured motor vehicle. Where such an action is commenced, summons and complaint shall be served on the secretary by certified or registered mail or by leaving a copy thereof with or at the office of the secretary who shall forward a copy of the summons and complaint forthwith by certified mail to the defendant at his last address as recorded with the secretary. In any action to recover damages arising out of the use or operation of an uninsured

motor vehicle, failure to serve summons and complaint upon the secretary shall constitute a bar to recovery from the fund. In all actions where summons and complaint have been served upon the secretary, the secretary shall have the right to intervene in the action as a party defendant."

Service of summons and complaint on the Secretary of State is required to preserve a claim against the fund. Such service does not make the Secretary of State a party to the action. The latter occurs if the Secretary of State decides to intervene in the action. The Secretary of State became a party when he filed his appearance April 10, 1969; the affidavit of default filed February 17, 1969 was ineffective as to him and the motion to set aside the default was unnecessary insofar as the Secretary of State was concerned. We treat it as a nullity as well as the order denying it and all trial proceedings thereafter with respect to the right of the Secretary of State to defend this action. On the present record, the action stands at issue and ready for trial.

This conclusion obviates discussion of the other points raised on appeal.

Reversed and remanded for trial. No costs are allowed.

All concurred.