THYNE v BEGGS

1. AUTOMOBILES—JUDGMENT—DEFAULT JUDGMENT—MOTOR VEHICLE ACCIDENT CLAIMS—SECRETARY OF STATE—NOTICE.

Effective notice to the Secretary of State of an uninsured motorist's default for failure to answer a negligence complaint could not have been received by the Secretary of State on May 2, 1974, where it appears that the default for failure to answer was received by the county clerk on May 7, 1974.

2. PLEADING—SUMMONS—MOTOR VEHICLE ACCIDENT CLAIMS ACT— SECRETARY OF STATE—APPEARANCE—PARTIES.

Service of summons on the Secretary of State is required to preserve a claim against the Motor Vehicle Accident Claims Fund but such service does not make the Secretary of State a party to the action; he becomes a party when he decides to intervene and files an appearance pursuant to statute (MCLA 257.1101 *et seq.).*

3. AUTOMOBILES—UNINSURED MOTORISTS—SECRETARY OF STATE—NO- TICE—INTERVENTION—PLEADING.

The Secretary of State has a duty to intervene in an action involving a claim against the uninsured motorists fund if he intends to rely upon the defense of failure to give timely notice, and this defense is waived if not affirmatively pleaded, but the Secretary is not required to intervene in every suit against an uninsured motorist where notice of intent to file a claim has been given (MCLA 257.1107.)

4. AUTOMOBILES—UNINSURED MOTORIST FUND—SECRETARY OF STATE— STATUTES—DEFAULT JUDGMENT—APPEARANCE.

A statute permits the Secretary of State to appear and defend an action involving the uninsured motorists fund, in which a default judgment has been given against an uninsured motorist

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 7 Am Jur 2d, Automobile Insurance §§ 135, 136.

Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

[2] 7 Am Jur 2d, Automobile Insurance §§ 137, 210, 216, 217.

defendant within 30 days of receiving notice of the defendant's default (MCLA 257.1108.)

Appeal from Oakland, William Beer, J. Submitted Division 2 May 8, 1975, at Lansing. (Docket No. 21878.) Decided June 24, 1975.

Complaint by John R. Thyne against Robert E. Beggs, Jr., an uninsured motorist, for damages resulting from an automobile collision. Default judgment for the plaintiff. Intervention by the Secretary of State. Motion to set aside default judgment denied. The Secretary of State appeals. Judgment set aside as to the Secretary of State and remanded.

*Cynthia J. Boyer,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke,* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State.

Before: DANHOF, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

DANHOF, P. J. A default judgment was entered against the defendant, an uninsured motorist. The Secretary of State intervened, and his motion to set aside the default judgment was denied following a hearing. The Secretary appeals. Without affecting its validity as to defendant Beggs, we hold that the default judgment is a nullity as to the Secretary of State.

Plaintiff and defendant were involved in an automobile accident on July 28, 1973. A notice of intent to claim was received by the Motor Vehicle Accident Claim Fund on December 17, 1973. A summons and complaint was issued on February

19, 1974, and copies were served on the Secretary of State on March 22, 1974. A trial date was set, but adjourned by stipulation of the parties, and finally reset for April 25, 1974.

During the first week in May, the exact date being in dispute, a default for failure to answer was filed. On May 20, 1974, a default judgment in the amount of $2,250 was entered with an additional $202.50 in attorney's fees. On June 5, 1974, a written motion to set aside the default judgment based in part upon § 8 of the Motor Vehicle Accident Claim Act, being MCLA 257.1108; MSA 9.2808 was filed by the Secretary of State. A hearing on the motion was held on June 12, 1974, and an order denying the motion was entered on September 11, 1974. Claim of appeal to this Court was filed by the Secretary on October 1, 1974.

A document entitled "Default For Failure To Answer" and a supporting affidavit were included in the lower court record. Although it is dated May 2, 1974 and apparently was signed by plaintiff's attorney and mailed on that day, it bears the stamp of a deputy county clerk with a notation that it was "received for filing Oakland County Clerk 1974 May 7". Thus, it appears the effective notice of defendant's default could not have been received by the Secretary of State's office before May 7, 1974, and not on May 2 as the plaintiff contends. See *King v Calumet & Hecla Corp*, 43 Mich App 319; 204 NW2d 286 (1972).

The Secretary of State took no formal action to intervene in the suit until the motion to set aside the default judgment was filed on June 5, 1974. Consequently, the rationale of *Livasy v Evans*, 24 Mich App 227; 180 NW2d 103 (1970), *lv den*, 384 Mich 765 (1970), is applicable in this case. In *Livasy*, plaintiff filed an affidavit of default on

February 12, 1969. The Secretary of State filed an appearance on April 10, 1969, and on April 14, he moved to set aside the default. The motion was denied on May 14, a default judgment was entered on June 30, 1969, and the Secretary appealed. In an opinion written by Judge QUINN, this Court reversed the default judgment and remanded the case for trial. In so doing, Judge QUINN explained the method by which the Secretary of State may become involved in a lawsuit against an uninsured motorist:

"Service of summons and complaint on the Secretary of State is required to preserve a claim against the fund. Such service does not make the Secretary of State a party to the action. The latter occurs if the Secretary of State decides to intervene in the action. The Secretary of State became a party when he filed his appearance April 10, 1969; the affidavit of default filed February 17, 1969 was ineffective as to him and the motion to set aside the default was unnecessary insofar as the Secretary of State was concerned. We treat it as a nullity as well as the order denying it and all trial proceedings thereafter with respect to the right of the Secretary of State to defend this action. On the present record, the action stands at issue and ready for trial."

Nothing in the record of the present case indicates that the Secretary of State chose to become a party to this suit until June 5, 1974. The default and the judgment entered pursuant to it were a nullity insofar as they concerned the Secretary of State.

Plaintiff argues on appeal that *Livasy v Evans, supra,* has been "specifically overruled" in *Lisee v Secretary of State,* 388 Mich 32, 46; 199 NW2d 188 (1972). The Secretary had received plaintiff Lisee's notice of intent to file a claim just over one year after his accident with an automobile owned and

driven by an uninsured motorist. Because notice was not received within the one year period established by MCLA 257.1118; MSA 9.2818, the Secretary of State refused to take any action, but sought to rely on the lack of timely notice as a defense to plaintiff's attempts to compel the fund to pay a default judgment.

The Supreme Court concluded that the Secretary of State had a duty to intervene if he intended to rely upon the defense of failure to give timely notice, and that the Secretary waived this defense by not affirmatively pleading it. In this context, the Court indicated that to the extent that *Livasy v Evans, supra,* was interpreted by this Court in *Lisee v Secretary of State,* 32 Mich App 548, 554; 189 NW2d 50 (1971) to indicate that the Secretary had no such duty and that it was not estopped to raise a defense, that holding would not be followed. The Court did not "specifically overrule" *Livasy,* and we do not read its opinion to require the Secretary to intervene in every suit against an uninsured motorist in connection with which notice of intent to claim has been given.[1]

Moreover, the statute cited in the written motion of June 5 to set aside the default judgment permits the Secretary to appear and defend within 30 days of receiving notice of the defendant's default. The statute, MCLA 257.1108; MSA 9.2808 reads in pertinent part:

"Sec. 8. (1) Section 7 does not apply in the case of a judgment entered in an action in which the defendant did not enter an appearance, did not file an answer, or did not appear in person or by counsel at the trial, or

---

[1] In the factual context in which they occurred, the comments of another panel of this Court in *Bludders v State Farm Mutual Insurance Co,* 52 Mich App 714, 716–717; 218 NW2d 107 (1974) discussing the notice by summons and complaint provision of MCLA 257.1105; MSA 9.2805, are not in conflict with our holding in the present case.

judgment was entered upon the consent or with the agreement of the defendant, unless the secretary has been given notice in writing of the failure, consent or agreement and has been afforded an opportunity to take such action as he may deem advisable under subsection (2).

"(2) Where the secretary is served with notice in writing under this section, he may enter an appearance within 30 days, file an answer, make payment into court, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and thereupon, on behalf and in the name of the defendant, may conduct his defense, and may consent to judgment in such amount as he may deem proper in all the circumstances, and all acts done in accordance therewith shall be deemed to be the acts of the defendants.

"(3) Where pleadings have been closed, the secretary, upon giving notice to the court and to all proper parties to the action that he intends to defend the action on behalf and in the name of the defendant, may reopen the pleadings upon praecipe."

The Secretary received notice of defendant's default on or after May 7, because the affidavit of default was not filed until that date. The motion to set aside the default judgment was filed on June 5, within the statutorily permissible 30 day period. Therefore, the denial of the Secretary's motion was erroneous. See *Forsee v Kohari,* 16 Mich App 505, 509; 168 NW2d 455 (1969).

As to the Secretary of State, this case stands ready for trial.

Remanded for further proceedings consistent with this opinion. No costs, a public question being involved.