FREY v ISLAS

1. AUTOMOBILES—UNINSURED MOTORISTS FUND—CLAIM—NOTICE OF DEFAULT—SECRETARY OF STATE—APPEARANCE—STATUTES.

A claimant against the motor vehicle accident claims fund must give written notice of an uninsured motorist's default to the Secretary of State; the statute affords the Secretary of State 30 days from receipt of notice to appear and take whatever action he deems advisable (MCLA 257.1108 [1], [2]).

2. AUTOMOBILES—UNINSURED MOTORISTS FUND—SECRETARY OF STATE —INTENT TO DEFEND—NOTICE—STATUTES.

The Secretary of State is required to notify the court and proper parties of his intent to defend a claim against an uninsured motorist where the pleadings are closed; no time deadline is found in the statutory provision, but it is reasonable that the 30-day limitation applicable where the pleadings are not closed is applicable here as well (MCLA 257.1108).

3. AUTOMOBILES—UNINSURED MOTORISTS FUND—SECRETARY OF STATE —INTENT TO DEFEND—NOTICE—DEFAULT JUDGMENT—STATUTES.

The appearance and filing of an answer by the Secretary of State sufficed to apprise the court and the plaintiff of the secretary's intent to defend a claim against an uninsured motorist, where the appearance and answer were filed within 30 days of the initial notice of default against the uninsured motorist; such action effectively nullified a default judgment entered, and a subsequent motion by the Secretary of State to set aside the default judgment was unnecessary (MCLA 257.1108).

Appeal from Oakland. William J. Beer, J. Submitted June 11, 1975, at Lansing. (Docket No. 22294.) Decided September 11, 1975.

Complaint by Richard Frey against Gilberto

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 7 Am Jur 2d, Automobile Insurance §§ 135–138.

Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

Islas for damages arising out of an automobile accident. Default judgment for plaintiff. The Secretary of State intervened as a defendant, representing the motor vehicle accident claims fund. Motion to set aside default judgment denied. Intervening defendant appeals. Reversed and remanded.

*Bernard P. Paige, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for intervening defendant.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

ALLEN, P. J. The Secretary of State appeals from the lower court's denial of a motion to set aside a default judgment in this action involving the motor vehicle accident claims fund. MCLA 257.1101; MSA 9.2801, *et seq.* The following chronological sequence aptly exposes the pertinent facts:

May 20, 1970—Plaintiff was injured while riding in a motor vehicle that collided with an automobile owned and operated by defendant, an uninsured motorist;

December 2, 1970—Plaintiff notified the Secretary of State of his intention to file a claim against the motor vehicle accident claims fund;

May 22, 1973—Plaintiff filed suit against defendant;

July 12, 1973—Plaintiff forwarded copies of the summons and complaint to the Secretary of State;

August 11, 1973—An affidavit and default was entered against the defendant;

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

June 17, 1974—Plaintiff gave written notice of the default to the Secretary of State;

June 26, 1974—The lower court entered a default judgment against the defendant;

July 5, 1974—The Secretary of State appeared and filed an answer;

July 29, 1974—The Secretary of State moved to set aside the default judgment;

November 6, 1974—The court entered its order denying the motion.

The gravamen of this cause centers around the construction of § 8 of the Motor Vehicle Accident Claims Act:

"(1) Section 7[1] does not apply in the case of a judgment entered in an action in which the defendant did not enter an appearance, did not file an answer, or did not appear in person or by counsel at the trial, or judgment was entered upon the consent or with the agreement of the defendant, unless the secretary has been given notice in writing of the failure, consent or agreement and has been afforded an opportunity to take such action as he may deem advisable under subsection (2).

"(2) Where the secretary is served with notice in writing under this section, he may enter an appearance within 30 days, file an answer, make payment into court, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and thereupon, on behalf and in the name of the defendant, may conduct his defense, and may consent to judgment in such amount as he may deem proper in all the circumstances, and all acts done in accordance therewith shall be deemed to be the acts of the defendants.

"(3) Where pleadings have been closed, the secretary, upon giving notice to the court and to all proper parties

[1] Section 7 of the Motor Vehicle Accident Claims Act provides for payment by the Secretary of State of a judgment against an uninsured motorist.

to the action that he intends to defend the action on behalf and in the name of the defendant, may reopen the pleadings upon praecipe." MCLA 257.1108; MSA 9.2808.

The Secretary of State takes the position that subsection 2, *supra,* requires a lapse of 30 days between written notice of default and entry of default judgment so as to afford the Secretary an opportunity to appear and answer. It follows that entry of the default judgment nine days after notice is contrary to § 8(2); the Secretary appeared within 30 days, and is not liable to compensate plaintiff.

Plaintiff views § 8 in a different light. He maintains that where pleadings have been closed § 8(3) requires the Secretary to reopen the pleading *via* praecipe within 30 days of the default judgment. Since the Secretary of State failed to file a praecipe within 30 days of the default judgment, the lower court correctly denied the motion to set the judgment aside.

The Court is convinced that neither position accurately reflects the substance of § 8 as applied to the instant case. Under § 8(1) a claimant against the "fund" must give written notice of an uninsured motorist's default to the Secretary of State. June 17, 1974, plaintiff notified the Secretary of State in writing of the defendant's default. Section 8(2) affords the Secretary of State 30 days from receipt of notice to appear and take whatever action he deems advisable. The Secretary of State made an appearance and filed an answer on July 5, 1974. Between the notice and appearance—June 26, 1974—a default judgment was entered. Since one can hardly intervene in a suit where pleadings are closed, we look to § 8(3) for guidance.

Where pleadings are closed, § 8(3) requires the

Secretary of State to notify the court and proper
parties of his intent to defend. No time deadline is
found in § 8(3); it is reasonable that the same 30-
day limitation in § 8(2) is applicable as well. In the
instant case, although the default judgment ren-
dered the subsequent appearance and answer by
the Secretary of State ineffective under § 8(2), this
Court opines the Secretary of State's action suff-
iced to apprise the court and plaintiff of his intent
to defend under § 8(3). Moreover, since the action
taken by the Secretary on July 5, 1974, came
within 30 days of the initial notice of default, such
action effectively nullified the default judgment as
to the Secretary of State,[2] and his subsequent
motion to set aside the default judgment on July
29, 1974, was unnecessary.

Nonetheless, the pleadings must be reopened in
order for the Secretary of State to defend the
action. The mechanism for reopening under § 8(3)
is by praecipe.[3] Whether *vel non* the praecipe is
filed within the 30 days is of no consequence here,
since the Secretary of State's action on July 5,
1974, satisfied the time limitation of § 8,[4] and

---

[2] *Thyne v Beggs,* 62 Mich App 353; 233 NW2d 278 (1975). In *Thyne,*
the Secretary of State received notice of default on May 7, 1974.
Default judgment was entered on May 20, 1974, and the Secretary of
State "chose to become a party" to the action by moving to set aside
the judgment on June 5, 1974. The lower court denied the motion,
and a panel of this Court reversed: "Without affecting its validity as
to defendant * * * we hold that the default judgment is a nullity as
to the Secretary of State." 62 Mich App at 354.

[3] The motion to set aside the default judgment on July 29, 1974
sufficed in lieu of praecipe as a mechanism for reopening the plead-
ings.

[4] The language in *Forsee v Kohari,* 16 Mich App 505, 510; 168
NW2d 455 (1969), lends credence to this Court's position: "We find no
limitation in § 8 as to times when the Secretary may not reopen the
pleadings * * * provided he acts within 30 days * * * ." (Emphasis
supplied.) *Cf. Seffens v Muradian,* 17 Mich App 455; 169 NW2d 657
(1969), held: the trial court erred in not allowing Secretary of State to
reopen pleadings once judgment was entered, where first notice as
required by § 8 was not given until after the consent judgment.

nullified the judgment as to him. As to the Secretary of State, the case is ready for trial.

Reversed and remanded for futher proceedings not inconsistent with this opinion. No cost, a public question.