ABBOTT v SECRETARY OF STATE

Docket No. 77-1914. Submitted February 14, 1978, at Lansing.—Decided June 6, 1978. Leave to appeal applied for.

Plaintiff Jimmy D. Abbott was an uninsured motorist who was sued for damages but failed to appear and defend. The Secretary of State, after notification, appeared on behalf of plaintiff but failed to appear at a pretrial conference, whereupon a default judgment was entered against plaintiff. Plaintiff filed an action against the Secretary of State, the Attorney General and one of his assistants for damages for negligence in handling the automobile accident case. The Court of Claims, Charles A. Wickens, J., granted defendants' motions for summary and accelerated judgment on the grounds that defendants owed no duty to plaintiff and that defendants were protected by governmental immunity. Plaintiff appeals. *Held:*

The statute which authorized the Secretary of State to appear, in a lawsuit against an uninsured motorist who fails to appear, and "on behalf and in the name of the defendant" take any action deemed appropriate, created no duty on behalf of the Secretary to the uninsured motorist, and the Secretary is not liable to the uninsured motorist for negligence in making such an appearance.

Affirmed.

1. AUTOMOBILES—STATUTES—UNINSURED MOTORISTS—MOTOR VEHICLE ACCIDENT CLAIMS ACT—LEGISLATIVE PURPOSE.

The purpose of the Motor Vehicle Accident Claims Act was compensation of the victim of an uninsured motorist's negligent driving (MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.).*

2. AUTOMOBILES—STATUTES—UNINSURED MOTORISTS—MOTOR VEHICLE ACCIDENT CLAIMS ACT—LEGISLATIVE PURPOSE.

The statute which allowed the Secretary of State to appear, after notice of the nonappearance of the defendant, in a lawsuit

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 135.
Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

against an uninsured motorist and to take action on behalf and in the name of the uninsured defendant did not create any legal duty on the part of the Secretary of State to do so; the statute was designed solely to allow the Secretary of State to protect the interests of the Motor Vehicle Accident Claims Fund (MCL 257.1108; MSA 9.2808).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Paul J. Zimmer,* Assistants Attorney General, for defendants.

*Jerry L. Sumpter, J. D., P. C.,* for plaintiff.

Before: DANHOF, C. J., and BRONSON and N. J. LAMBROS,* JJ.

BRONSON, J. This appeal arises out of an automobile accident involving plaintiff-appellant Abbott, an uninsured motorist. Abbott was sued for damages but failed to appear or defend that action. The Secretary of State was notified of Abbott's failure to appear and entered an appearance "on behalf of * * * Jimmy Dean Abbott * * * and as intervening defendant pursuant to [MCL 257.1108(2); MSA 9.2808(2)]". After the Secretary's representative failed to appear at a pretrial conference, a default judgment was entered against Abbott.[1]

Abbott filed the instant action in the Court of Claims,[2] seeking damages for the alleged negli-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Judgment against Abbott of $32,100 resulted. Upon payment by the state of $20,000 of the judgment, the maximum statutory liability under the Motor Vehicle Accident Claims Act, Abbott's driver's license was suspended pending institution of a repayment plan. *See* MCL 257.1110; MSA 9.2810.

[2] The action was filed in the Court of Claims after this Court had held that the Court of Claims had exclusive jurisdiction over plaintiff's claim. *See Abbott v Secretary of State,* 67 Mich App 344; 240 NW2d 800 (1976).

gence of defendants in handling the automobile accident case. The Court of Claims granted defendants' motions for summary[3] and accelerated judgment[4] on the bases, respectively, that defendants owed no duty to plaintiff and therefore could not be liable to him for negligence, and that defendants were protected from liability by governmental immunity.[5] Plaintiff appeals of right.

An essential element of any negligence action is the existence of a legal duty of the defendant toward the plaintiff. See *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972). Plaintiff alleges that such a duty arose in the original case by virtue of the Secretary's appearance in that action pursuant to the Motor Vehicle Accident Claims Act.[6] We disagree.

The purpose of the Motor Vehicle Accident Claims Act was compensation of the victims of an uninsured motorist's negligent driving. *Lisee v Secretary of State,* 388 Mich 32; 199 NW2d 188 (1972).

The statutory scheme required each uninsured motorist to pay $45 before he could register his car.[7] The fees collected from uninsured motorists were deposited into the Motor Vehicle Accident Claims Fund, which was used to compensate the innocent injured victims of negligent uninsured

---

[3] GCR 1963, 117.2(1).

[4] GCR 1963, 116.1(5). The proper motion to raise governmental immunity appears to be one for summary judgment under GCR 1963, 117.2(1). *See, e.g., White v Detroit,* 74 Mich App 545; 254 NW2d 572 (1977). As the parties claim no prejudice from the mislabeling of the motion, reversal is not required. *See Unger v Forest Home Twp,* 65 Mich App 614; 237 NW2d 582 (1975).

[5] MCL 691.1407; MSA 3.996(107).

[6] MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.*

[7] MCL 257.1103(3); MSA 9.2803(3). That section has since been amended by 1974 PA 223, which now requires that all drivers be insured.

drivers. When a person desired to recover from the fund, he could make application for payment from the fund under MCL 257.1106; MSA 9.2806. A notice of this application would then be sent to the owner and driver of the uninsured motor vehicle, and that person would have a chance to reply and dispute his liability. If, however, the uninsured did not dispute his liability, the Secretary could make an administrative determination of negligence, suspend the driver's license of the uninsured, and pay out monies from the fund at his discretion.

The injured party could also proceed directly against the uninsured motorist and, after obtaining judgment, seek recovery from the fund. MCL 28.1107; MSA 9.2807.

At issue in the case at bar is § 8 of the act.[8] That section provides that § 7 does *not* apply where the uninsured motorist fails to file an appearance or answer, appear at trial or enter into a consent judgment, unless the Secretary is given written notice. If notice is given, the Secretary is authorized to appear, file an answer, consent to judgment and take any other action "on behalf and in the name of the defendant" as the Secretary deems appropriate.

We hold that no legal duty by the Secretary to a defendant arises when the Secretary appears pursuant to § 8. Section 8 is designed solely to allow the Secretary to protect the interests of the fund when a defendant fails to appear or answer. As stated in *Forsee v Kohari,* 16 Mich App 505, 510; 168 NW2d 455 (1969):

"The statute [§ 8(2)] is intended to protect the rights of the Secretary to defend the interests of the fund when an uninsured defendant has chosen to take the

---

[8] MCL 257.1108; MSA 9.2808.

path of least resistance, erroneously believing that he will avoid the inconveniences of trial and liability."

The statutory scheme is inconsistent with an attorney-client relationship. For example, under § 8, the Secretary can set aside a default judgment as to the fund only without affecting the validity of the judgment against the defendant. See *Frey v Islas,* 64 Mich App 278; 235 NW2d 758 (1975); *Thyne v Beggs,* 62 Mich App 353; 233 NW2d 278 (1975). The authority of the Secretary to set aside a consent judgment entered into by the defendant is also inconsistent with any alleged representation of a defendant by the Secretary. See, generally, *Seffens v Muradian,* 17 Mich App 455; 169 NW2d 657 (1969). Finally, § 26 of the act requires the Attorney General to assist the Secretary to. "defend actions against the fund". Nothing in this section suggests that the Attorney General also represents the defendant. *Cf. Rogers v Horvath,* 65 Mich App 644; 237 NW2d 595 (1975).

Plaintiff-appellant, relying on *Bray v Department of State,* 69 Mich App 172; 244 NW2d 619 (1976), likens the uninsured motorist fund to a private insurance scheme. While the Court in *Bray* did make such an analogy in a different context,[9]

---

[9] *Bray* was a class action by motorists seeking a refund of one-half of the $45 fee after the act was amended. The Court stated:

"[T]he MVACA provisions do not fit under either of the traditionally invoked labels. Instead, they are unique. They seem to be designed to establish a state administered insurance program similar in some respects to a private insurance program. The $45 fee thus could be said to represent an annual insurance premium paid by those who have not acquired private insurance policies. If a private insurance policy is cancelled, MCLA 500.3020; MSA 24.13020, requires the insurer to refund the excess portion of the premium paid by the insured. Because the MVACA fee is similar to an insurance premium, we believe the policy of MCLA 500.3020; MSA 24.13020 applies, and that portion of the $45 fee covering the time between October 1, 1973, the date the no-fault act became operative, and March 31, 1974, the end of the fee year, should be refunded." 69 Mich App at 178–179.

However, the Court also stated:

it did not hold that the $45 uninsured motorist fee was in fact an insurance premium. As discussed above, the Legislature intended the fee to be used as a source of compensation for the victims of an uninsured motorist's negligence. It was not intended to protect the uninsured motorist against loss or provide legal representation for him. That the act is not an insurance plan is evident from its title:

"AN ACT providing for the establishment, maintenance and administration of a motor vehicle accident claims fund for the payment of damages for injury to or death of certain persons or property damage arising out of the ownership, maintenance or use of motor vehicles in the state in certain cases; and to provide penalties for violation of this act." 1965 PA 198.

As there existed no legal duty of defendants to represent Abbott, summary judgment for defendants in this negligence action was proper.[10]

Affirmed. Costs to appellees.

"By imposing a reimbursement requirement, those provisions indicate that uninsured motorists, in actuality, gained no protection from the Fund and, thus, were not intended as the primary beneficiaries of MVACA. They thereby suggest, instead, that those individuals damaged by uninsured vehicles were intended as the major beneficiaries of MVACA." Id. at 180.

[10] As we hold that defendants owed no legal duty to plaintiff, we need not reach the governmental immunity issue.